

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-3961
Re: Constitutionality of House Bill
No. 611, Acts of the 47th Legisla-
ture, Regular Session, 1941, and
other questions.

Your letter requesting the opinion of this Department
on the questions stated therein reads in part as follows:

"I have had handed me a contract submitted to this
County by the Department of Public Welfare of the State
of Texas, copy of which contract is hereto attached for
your information. This contract speaks for itself and
proposes to carry out Section 7 of House Bill 611, act
of the last regular session. Certain responsibilities
are imposed upon Counties and are enumerated under
Article III of said contract and also on page 4 thereof.

"I would greatly appreciate it if you would advise
me as follows:

"1. As to the constitutionality of said law, being
Article 6956 and following sections of the Revised Civil
Statutes of Texas.

"2. Whether there is any provision in such act
above referred to or any other statute requiring Counties,
or other Local Welfare Units, to comply with the terms of
said contract and particularly the sections and pages
thereof above referred to.

"3. Whether the failure of a County, or Local Welfare Unit, to comply with the terms of said contract, or to execute such contract, will deprive such County of the benefits resulting from the following State and Federal activities, towit: W.P.A., N.Y.A., C.C.C., Old Age Assistance, Aid to the Needy Blind, Aid to Dependent Children, Child Welfare Services, Food Stamps and Cotton Stamps, and Surplus Commodities."

In the above mentioned letter, you refer to House Bill No. 611, Acts of the 47th Legislature, Regular Session, and then ask to be advised as to the constitutionality of said law, stating as follows: "being Article 695c and following sections of the Revised Civil Statutes of Texas". Article 695c, as set forth in the 1941 cumulative annual pocket parts, Vernon's Annotated Civil Statutes, is Senate Bill No. 36, Acts of the 46th Legislature, Regular Session, 1939. It will be noted that this act (Senate Bill No. 36) was amended and re-enacted by the 47th Legislature, Regular Session, 1 9 41, as House Bill No. 611, supra. Therefore, Article 695c, supra, as set forth in Vernon's Annotated Civil Statutes, is superseded and replaced by House Bill No. 611. Therefore, we assume that you desire our opinion as to the constitutionality of House Bill No. 611.

After carefully considering House Bill No. 611, which is commonly referred to and cited as the "Public Welfare Act", we fail to find any provision of said House Bill which we think violates any provision of the Constitution.

With reference to your second question, we think that our opinion No. O-3962, a copy of which is enclosed herewith for your information, answers this question in the negative.

With reference to your third question, it will be noted that the first paragraph of the rider to Senate Bill No. 423, Acts of the 47th Legislature, Regular Session, 1941, under the subdivision of "Division of Intake and Certification" reads as follows:

"Provided that the sums hereby appropriated are to supplement the funds being used by the Counties and Cities of Texas for the purpose of making certifications and referrals to the Works Project Administration, the National Youth Administration, the Civil Conservation Corps and the Federal Surplus Commodity programs. Provided, that in the event the sums hereby appropriated are insufficient for the State Department to adequately perform the intake and certification functions of these programs according to the standards and regulations of the State Department of Public Welfare, then in that event the State Department of Public Welfare is hereby empowered and authorized to withdraw its funds and services for these programs from any County or City not contributing monthly to the intake and certification functions of these programs in that County or City in an amount equal to the amount used for the same functions and expended by such County or City during the month of January, 1941; the amount expended during January, 1941, includes all amounts used on a cash, kind, rental, lease, contractual or lend basis."

The programs mentioned in the provision quoted above, are the Works Project Administration, the National Youth Administration, and the Civil Conservation Corps and the Federal Surplus Commodity programs. We do not think that the county's failure to comply with the terms of the contract to give effect to Section 7 of House Bill 611 and to the proviso following the appropriation for the Intake and Certification Section of the State Department of Public Welfare will deprive the county of the benefits resulting from the State's Federal activities above mentioned, except, however, the Department of Public Welfare is empowered and authorized to withdraw its funds and services for the programs mentioned under the subdivision of the "Division of Intake and Certification" from any county not contributing monthly to the intake and certification functions of the programs in the county, when in the event the sums appropriated by said bill are insufficient for the State Department to adequately perform the intake and certification functions of these programs according to the standards and regulations of the State Department of Public

Welfare, then in that event the State Department of Public Welfare is empowered and authorized to withdraw its funds and services for these programs in that county or city not contributing monthly to the intake and certification functions of these programs in that county or city in an amount used for the same function and expended by such county or city during the month of January, 1941; the amount expended during January, 1941, includes all amounts used on a cash, kind, rental, lease, contractual or lend basis.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED NOV 15, 1941

ATTORNEY GENERAL OF TEXAS

(signed) Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

By                                  (signed)
                            Ardell Williams
                                 Assistant

AW:AMM

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN

W.J.F.